The Chancellor.
On the first of March, 1832, the legislature passed an act appointing John B. Hutchinson and four other individuals, therein named, managers for the opening, clearing out, and straightening of the Assanpink creek. The act authorized them to enter into and upon the meadow lands and swamps lying upon said creek, within certain limits prescribed, with all necessary *107 workmen and implements, to open, widen, clear out, straighten, and remove every obstruction, &e., fourteen feet wide, and not less than three, nor more than five feet deep, and the mud and other obstructions taken out of said creek equally to cast out upon the meadows, swamps, and low lands next adjacent. The act provides that the said managers shall receive, each, a dollar a day, for discharging the duties imposed upon them by the act, and authorizes them to provide for the expenses which may accrue in carrying the law into effect by apportioning the amount of such expenses among the respective owners or possessors of such meadows, swamps, and low lands lying upon said creek, or in the vicinity thereof, within certain limits named in the act, to be benefited by the opening, clearing out, and straightening said creek. On the 7th of March, 1856, a supplement to this act was passed, by which the defendants in this suit were appointed the managers to carry out the provisions of the act of 1832. ^Neither by the original act, nor by the supplement, is any provision made for making compensation for land taken for the purposes of the act.
The complainant is the owner of considerable land lying along the creek — the creek constituting the southern boundary thereof. The bill alleges that the managers entered upon the work of clearing out the channel of the creek within the designated limits, and that when they reached the complainants’ land, instead of following the natural course of the channel of the creek, they staked off two entirely new channels across his land, departing from the old channel about forty or fifty yards ; and they informed the complainant that it was their intention to dig the new channels to the width of about eighteen feet, and for the distance of about two hundred and sixty yards.
The defendants, by their answer, admit these allegations of the bill, and that it is their intention to appropriate the complainant’s land in the manner stated. It does *108 not admit of a doubt that this is such taking of private property for public use as is contemplated by the constitution of' this state. This being the casé, the defendants have no right to cut a channel through the-complainant’s land without first making just compensation. The act makes no provision for such compensation. It prescribes a mode of assessment of the lands benefited by the proposed improvements for the purpose of defraying the expenses of carrying the law into effect; but no assessment is contemplated or authorized for making compensation for laud taken. As the object of the act was so limited in the benefits to be conferred, the legislature may purposely have omitted providing for compensation for land taken, supposing that it was proper, in carrying out an improvement of this kind, where the public have so little interest, that lands of individuals should not be taken without their consent. If ah individual sees fit to give his land for the public benefit, of course he is at liberty to do so.
■ It was intimated, by the defendants’ counsel, that the legislature intended that the benefits which must necessarily accrue to the complainant from the proposed improvement should constitute his compensation. But such a compensation is not the one contemplated by the constitution. There is but one fair construction to be put upon the language of the constitution. It means that, where private property is taken by virtue of the authority of the sovereign power, compensation shall be made in money ; that a fair valuation shall be made of the property taken, and the amount of such valuation in money shall be paid to the individual before his property can be taken from him. Any other construction would make this provision of the constitution utterly valueless. A means of legislation could soon be devised to substitute an imagi.nary benefit for that just compensation which was intended to be provided. These managers have no right to take the complainant’s land without his consent, unless they *109 first pay him for it. If no provision is made by the act to ascertain the amount to be paid, then the complainant is at liberty to fix the compensation himself, and the managers have no alternative but to submit to his demands.
But the defendants further insist, that this injunction should be dissolved, for the following reasons: They allege, in their answer, that they entered upon the duties assigned them by the act at the solicitation of the complainant ; that the plan they adopted for clearing out and straightening the creek was approved and assented to by the complainant; that he agreed, if Lewis C. Hutchinson would consent to have a new channel cut through his lands, which lie below the lands of the complainant, then that he consented to have the two new channels cut through his land; that the defendants did accordingly cut the new channel through Hutchinson’s land, and then entered upon the complainant’s land, and cut one of the proposed channels through it, and that when they were about to cut the second channel the complainant interfered, and insisted that they should not proceed further, unless they would consent and agree that the amount which he should be required to pay in the assessment of the expenses among the land owners along the creek, as provided for by the act, should be limited to the sum of twenty dollars; that upon their refusal to do this, the complainant filed this bill.
If these allegations are true, then the complainant is not entitled to the interference of this court in his behalf. If they are true, then it is fraudulent and against good faith for the complainant to interrupt the defendants in their work. This court will not interpose to protect a wrong-doer in his legal rights.
But, according to the present practice of the court, these allegations must be proved before I can dissolve this injunction. They constitute new matter, not responsive to the bill, by which the defendants seek to avoid the complainant’s equity. If they are true, and the defendants *110 shall establish them by the proper proof, I shall deem them sufficient to deny the continuance of the injunction. The complainant will then be left to seek his remedy, if he has any, in the courts of law.
The motion is denied, but without costs.